```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FREDERICK DILLON,                   :    12 Civ. 7112 (LAP)
                                    :
                Plaintiff,          :    Memorandum AND Order
     - v. -                         :
                                    :
CITY OF NEW YORK and                :
OFFICER WALKER,                     :
                                    :
                Defendants.         :
-----------------------------------X
```

USDSNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/13

LORETTA A. PRESKA, Chief United States District Judge:

On September 19, 2012, Plaintiff Frederick Dillon ("Plaintiff"), proceeding pro se, brought this action against the City of New York and Officer Walker[1] (collectively, "Defendants") under 42 U.S.C. § 1983 ("Section 1983") relating to his incarceration in the George R. Vierno Center (the "GRVC") at Rikers Island. Plaintiff alleges that Defendants subjected him to cruel and unusual punishment by denying him an opportunity to shower on August 27, 2012. Defendants move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss [dkt. no. 17].

---

[1] Plaintiff describes Officer Walker as having "brown skin with black minimum close cut," with "eyeglasses" and standing "about 5'9 foot" in the Complaint ("Complaint" or "Compl.") [dkt. no. 3]. However, counsel for Defendants has failed to identify Officer Walker for representation purposes. (See Memorandum of Law at 1 n.1.) The Complaint is subject to dismissal regardless of the identity of that individual defendant.

1

I.   BACKGROUND

Plaintiff alleges that while he was incarcerated at the GRVC, Defendants subjected him to cruel and unusual punishment by denying him an opportunity to shower.  (See Compl. § II.D.)  Specifically, Plaintiff alleges that, on August 27, 2012, he asked Officer Walker if he could shower and Officer Walker responded by saying, "[Y]our lawyer is here to see you."  (Id.)  Plaintiff alleges that when he returned from meeting with his lawyer and asked to shower, Officer Walker told Plaintiff that "shower time is over."  (Id.)

II.  Discussion

   A.   Legal Standard

In assessing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in a complaint as true and construe all reasonable inferences in the plaintiff's favor.  See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff is obliged to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action" as grounds for his entitlement to relief. Twombly, 550 U.S. at 555.

Courts must read pro se complaints liberally and construe them to raise the strongest arguments that they suggest. See, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). This is particularly applicable when plaintiffs allege civil rights violations. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Pro se plaintiffs must still provide enough facts to "nudg[e] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Thus, a pro se plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level." Id. at 555. Even under this liberal standard for pro se complaints, dismissal is appropriate where the plaintiff fails to state a claim upon which relief can be granted. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009) (dismissing a claim for injunctive relief "even under the liberal standard of review for pro se proceedings.").

  B. Plaintiff's Eighth Amendment Claims

Plaintiff brings his claims pursuant to Section 1983. However, "Section 1983 itself creates no substantive rights [as]

3

it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).  Under Section 1983, a plaintiff must show that he was deprived rights, privileges, or immunities secured by the Constitution or federal laws.  Sykes, 13 F.3d at 519.  The Court construes Plaintiff's allegations as Eighth Amendment claims.

Conditions of confinement claims implicate the Eighth Amendment's prohibition of cruel and unusual punishment.[2]  See Wilson v. Seiter, 501 U.S. 294, 296-97 (1991).  Although the Constitution "does not mandate comfortable prisons," it also does not permit inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).  A condition of confinement rises to the level of cruel and unusual punishment where the condition deprives inmates of "the minimal civilized nature of life's necessities."  Rhodes, 452 U.S. at 347.  Under this standard, the Eighth Amendment requires that prison officials provide inmates with adequate food, clothing, shelter, and medical care.  See Farmer, 511 U.S. at 832.

To succeed on a cruel and unusual punishment claim pursuant to the Eighth Amendment regarding conditions of confinement, the

---

[2]  The Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment.  See Robinson v. Cal., 370 U.S. 660, 666 (1962).

4

plaintiff must allege facts that satisfy both an objective and subjective test.  See Wilson, 501 U.S. at 297-98.  For the reasons set forth below, Plaintiff's allegations fail to meet either the objective or subjective test.

      1.   Objective Test

For a plaintiff to satisfy the objective test, the alleged deprivation must be "sufficiently serious."  See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 298).  Under the objective test, a prison official's act or omission must deny the inmate "basic human needs" or expose the inmate to conditions that "pose an unreasonable risk of serious damage to [his] future health."  Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (per curiam) (citing Helling v. McKinney, 509 U.S. 25, 32 (1993)).

A conditions of confinement claim concerning the denial of showers rises to the level of an Eighth Amendment violation when such a denial deprives the prisoner of basic human needs.  See McCoy, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003).  Courts are reluctant to consider the temporary deprivation of showers a constitutional violation.  Cf. Myers v. City of N.Y., No. 11 Civ. 8525(PAE), 2012 WL 3776707, at *8 (S.D.N.Y. Aug. 29, 2012) (temporary deprivations of personal hygiene do not deny plaintiff basic human needs and thus are not constitutional violations) (citing Benjamin v. Fraser, 161 F. Supp. 2d 151,

5

175-76 (S.D.N.Y. 2001)), aff'd, No. 12-4032 (2d Cir. July 16, 2013) (summary order).  Specifically, the denial of showers for as long as two weeks is not sufficiently serious to state a constitutional claim.  See McCoy v Goord, 255 F. Supp. 2d at 260 (a two-week suspension of shower privileges does not rise to the level of an Eighth Amendment violation); Cruz v. Jackson, No. 94 Civ. 2600 (RWS), 1997 WL 45348, at *6 (S.D.N.Y. Feb. 5, 1997) (defendant's Eighth Amendment violation allegation was objectively insufficient to state an Eighth Amendment claim where complaint alleged that defendant was deprived the opportunity to shower for two weeks).

    Plaintiff alleges that he was deprived the opportunity to shower only on the morning of August 27, 2012.  (See Compl. § II.D.)  Thus, Plaintiff has failed to allege a plausible deprivation of "the minimal civilized nature of life's necessities."  Rhodes, 452 U.S. at 347.  The allegations in the Complaint are insufficient to raise an objective Eighth Amendment violation.  Accordingly, Plaintiff's allegations are dismissed.  See McCoy, 255 F. Supp. 2d at 260; Cruz, 1997 WL 45348, at *6.

    2.   Subjective Test

Even if Plaintiff demonstrated that his claim was sufficiently serious under the objective test, which he has not,

the Complaint would still be dismissed because Plaintiff fails to satisfy the subjective test for the reasons below.

The subjective test for conditions of confinement requires that the plaintiff demonstrate that the defendants acted with "a 'deliberate indifference' to inmate health or safety." See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 302-03). To satisfy the subjective test, the plaintiff must show that the defendants knew of and disregarded an excessive risk to the plaintiff's health or safety; the defendants must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists; and the defendants must also draw that inference. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

Here, Plaintiff does not plausibly allege that Defendants acted with a culpable state of mind when Plaintiff was denied shower privileges on August 27, 2012. Plaintiff alleges that when Officer Walker walked past his cell door, Plaintiff asked for shower access. (Compl. § II.D.) Plaintiff alleges that Officer Walker responded by telling Plaintiff that Plaintiff's lawyer was there to see Plaintiff. (Id.) When Plaintiff returned, Officer Walker informed him that "shower time [was] over." (Id.) In his Complaint, Plaintiff merely describes an officer's reasoned response to a request to shower on a single day which lacks any subjective intent to deprive Plaintiff.

(Id.)  Thus, Plaintiff does not plausibly allege that Officer Walker knew of and disregarded an excessive risk to Plaintiff's health and safety by not allowing him to shower on a single occasion.  Accordingly, the Complaint is dismissed because Plaintiff fails to satisfy the subjective test.  Hathaway, 37 F.3d at 68-69.

    C.    Prejudice

As explained above, a court must construe pro se complaints liberally.  See Abbas, 480 F.3d at 639.  District Courts are not required to grant leave to amend a complaint where a plaintiff has not requested such leave.  See Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 89 (2d Cir. 1999) ("[T]he district court was not obliged to grant plaintiffs leave to amend their complaint" where "plaintiffs made no attempt to seek leave to amend their . . . complaint.").  Still, district courts should not dismiss pro se complaints without granting the plaintiff an opportunity to amend his complaint when a liberal reading of the complaint indicates that a valid claim might be stated.  See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also DeBoe v. Du Bois, 503 F. App'x 85, 87 (2d Cir. 2012) (summary order) ("[D]istrict courts generally should not dismiss a pro se complaint without granting the plaintiff at least one opportunity to amend.").  However, a district court is not required to grant leave to amend where an amendment would be

8

futile.  See Cuoco v. Moritsugu, 222 F.3d 88, 112 (2d Cir. 2000).

Plaintiff has not asked for leave to amend his complaint if the Defendants' motion to dismiss is granted.  Even construing Plaintiff's complaint liberally, Plaintiff's claims are so substantively deficient that better pleading will not cure them, and thus dismissal with prejudice is appropriate.  See Cuoco, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure [the complaint].  Repleading would thus be futile.")  For this reason, the Complaint is dismissed with prejudice.

III. CONCLUSION[3]

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) [dkt. no. 17] is GRANTED.  The Complaint is dismissed with prejudice.  The Clerk of Court is directed to close this case.

---

[3]  Because Plaintiff's claims fail on the merits, the Court does not address all grounds set forth in Defendants' motion to dismiss.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         July 17, 2013

_____
LORETTA A. PRESKA
Chief United States District Judge